

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**ENTERED**
**09/25/2007**

| | | |
|---|---|---|
| IN RE: | § | |
| **SOUTHLAND SYSTEMS, INC.** | § | **CASE NO: 06-33995** |
| Debtor(s) | § | |
| | § | **CHAPTER  7** |
| | § | |
| **JANECE L. WILEY**, *et al* | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 06-3535** |
| | § | |
| **SOUTHLAND SYSTEMS, INC.**, *et al* | § | |
| Defendant(s) | § | |

## MEMORANDUM OPINION ON MOTION TO REMAND

On June 16, 2006, Plaintiffs in this adversary proceeding, Michael and Janece Wiley ("Plaintiffs") filed a lawsuit in the 9th District Court of Montgomery County, Texas, against multiple defendants, including Southland Systems, Inc.  The lawsuit asserted various causes of action related to the construction of a residence.  Southland Systems, Inc. ("Debtor") filed for chapter 11 bankruptcy on August 17, 2006.  Five days later, Debtor removed the state court suit to this bankruptcy court.  On January 25, 2007, the bankruptcy proceeding was converted to a case under chapter 7 and a Trustee was appointed over the estate.

On August 30, 2007, the Trustee and the Plaintiff entered into a settlement agreement agreeing to settle all matters between the estate and the Plaintiffs in exchange for the execution of mutual releases and the dismissal of the bankruptcy estate and Trustee from the Adversary Proceeding.  The Court granted the parties' request for approval to compromise the controversy. The six remaining Defendants now seek to have this proceeding remanded to state court. Plaintiffs oppose the motion for remand.

1

*Jurisdiction of Bankruptcy Courts*

Congress conferred authority to bankruptcy judges through two sections of title 28 of the United States Code: (1) § 1334 which grants subject matter jurisdiction in cases under or related to title 11 to the district courts; and (2) § 157 which allows district courts to transfer cases under title 11 or related to cases under title 11 to bankruptcy courts. 28 U.S.C. § 1334(a); 28 U.S.C § 157(a).

Under § 1334(a), district courts have original and exclusive jurisdiction in cases brought under title 11.  28 U.S.C. § 1334(a).  District courts also have "original but not exclusive jurisdiction of all civil proceedings *arising under* title 11, or *arising in or related to* cases under title 11." 28 U.S.C. § 1334(b) (emphasis added).  Because "arising in a case under" and "related to a case under" title 11 are considered to "operate conjunctively to define the scope of jurisdiction," the Court need only consider the scope of "related to." *Wood v. Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

The Supreme Court has noted "related to" bankruptcy proceedings include "(1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Arnold v. Garlock*, 278 F.3d 426, 434 (5th Cir. 2001) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995)). The Fifth Circuit has stated that a matter is related to a case under title 11 if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Wood*, 825 F.2d at 93 (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).  Even when there is a possibility a suit may ultimately have no effect on the estate, this possibility is not enough to conclude there would be no *conceivable* effect. *Id.* "Certainty or

even likelihood of such an effect is not a requirement." *Arnold*, 278 F.3d at 434 (citing *In re Canion*, 196 F.3d 579, 858 (5th Cir. 1999).

Once the court has determined a suit is "related to" title 11, subject matter jurisdiction vests with the district courts. Bankruptcy judges then have authority by reference under 28 U.S.C. § 157. Section 157 states that each district court may provide that "proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges." 28 U.S.C. § 157(a).

Section 157 defines the extent of a bankruptcy judge's authority depending on whether a matter is considered to be "core" or "non-core" as it relates to the bankruptcy estate. The statute provides a nonexclusive list of sixteen matters considered "core." 28 U.S.C. § 157(b)(2)(A) - (P). The Fifth Circuit has held a "proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood* 825 F.2d. at 97.

*Motion for Remand*

Initially, the Court notes that although the bankruptcy estate is no longer involved in this adversary, this Court retains jurisdiction over this proceeding. It is well established that "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (quoting *Freeport-McMoRan, Inc v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)). If this were not the standard in bankruptcy proceedings, a debtor who was discontented with the activity of a pending adversary proceeding could orchestrate a dismissal of the bankruptcy case and move the proceeding out of federal court.

Congress, however, has provided multiple avenues for a party to have a proceeding remanded to state court. Parties may petition for mandatory abstention under 28 U.S.C. § 1334(c)(2), permissive abstention under 28 U.S.C. § 1334(c)(1), or equitable remand under 28 U.S.C. § 1452(b). Indeed, the legislative history of §§ 1334(c)(1),[1] (2)[2] illustrate that when adjudication in state court would not interfere with the efficient administration of the bankruptcy estate, Congress intends for courts to respect the preference of litigants. This intention is further codified with regard to removed actions in Section 1452(b) which provides that "[a]n order. . . remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title." 28 U.S.C. § 1452(b).

---

[1] Legislative history as to 28 U.S.C. § 1334(c)(1) is quite sparse. However, courts have looked to § 1334(c)(1)'s predecessor, § 1471(d). *See e.g. In re Hospitality Ventures/Lavist*, 314 B.R. 843, 850-51 (Bankr. N.D. Ga. 2004) (The permissive abstention provisions of former § 1471(d) were largely restated in the 1984 amendments that enacted § 1334(c)(1), resulting in limited discussion of permissive abstention, but the fundamental premise that abstention is based on the availability of a nonbankruptcy forum is readily apparent. S.Rep. No. 98-55, at 17-18 (1983)). "The legislative history of § 1471(d) states: [The statute] recognizes the exigencies that arise in [] cases . . . in which it is more appropriate to have a State court hear a particular matter of State law." *In re Hospitality Ventures/Lavist*, at 850.

[2] As to 28 U.S.C. § 1334(c)(2), see *Stoe v. Flaherty*, 436 F.3d 209, 214 n.1 (3rd Cir. 2006) citing the following: 130 Cong. Rec. 13063, 13066-67 (1984) (statement of Sen. Hatch) (supporting Senate bill's broader abstention provision and noting that "for reasons dictated by sound constitutional policy as well as judicial economy and procedural fairness to claimants, this bill contains a requirement that a Federal district court involved in a bankruptcy matter honor the request of a party to that proceeding to have wholly State law issues resolved in State courts")130 Cong. Rec. 17152 (statement of Sen. Heflin) (supporting broad abstention to give effect to right of litigant to state forum); 130 Cong. Rec. 17154 (statement of Sen. DeConcini) (arguing that proposed narrower abstention provision "reflect[s] a balance between the need for an effective and efficient bankruptcy court system ··· and the concerns of those who find themselves involuntarily involved in a bankruptcy proceeding"); 130 Cong. Rec. 17157 (statement of Sen. Dole) ("[C]omity between Federal and State courts depends upon the mutual respect that each of those two divisions of the national judiciary has for the jurisdiction of the other. At the same time, however, I believe that it is equally essential that a bankruptcy court-or district court hearing a bankruptcy proceeding-have the ability to expeditiously dispose of all claims that may be pressed by or against a debtor."); *see also* Susan Block-Lieb, *Permissive Bankruptcy Abstention*, 76 Wash. U. L.Q. 781, 809-13 (1998) (reviewing legislative history); 2 *Thomas D. Crandall, et al., The Law of Debtors and Creditors* § 11.9 at 11-26 (rev. ed. 2005) ("Section 1334(c)(2) also represents a broader 'state's rights' concern for deference to and respect for state courts (as well as opposition to 'encroaching federalism'), to the extent that such deference can be made consistent with orderly and timely bankruptcy administration."). This legislative intent affords no basis for distinguishing between removed cases and those cases brought originally in federal court. *Stoe v. Flaherty*, 436 F.3d 209, 214 (3rd Cir. 2006).

Section 1452(b) precludes review of a decision to remand on equitable grounds to a United States Court of Appeals or by certification to the Supreme Court.

Bankruptcy Courts are to have wide latitude in determining whether to remand a state law cause of action. The Fifth Circuit has held that under 28 U.S.C. § 1334(c)(1) the court has "broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with State courts or respect for State law." *In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996). Section 1452 allows the Court to remand removed claims or causes of action "on *any* equitable ground." 28 U.S.C. § 1452(b) (emphasis added); *See e.g. Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001).

In determining whether discretionary abstention or equitable remand is appropriate, Courts have developed a list of nonexclusive factors, including:

> (1) the effect or lack thereof on the efficient administration of the estate;
> (2) extent to which state law issues predominate over bankruptcy issues;
> (3) difficult or unsettled nature of applicable law;
> (4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding;
> (5) jurisdictional basis, if any, other than § 1334;
> (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of nondebtor parties;
> (13) comity; and
> (14) the possibility of prejudice to other parties in the action.

*J.T. Thorpe Co. v. Am. Motorists*, 2003 U.S. Dist. LEXIS 26016 (S.D. Tex. June 6, 2003) (citing

*Beasley v. Pers. Fin. Corp.*, 279 B.R. 523, 533 (S.D. Miss. 2002)). *See also In re Encompass*

*Servs. Corp.*, 337 B.R. 864, 878 (Bankr. S.D. Tex. 2006).[3]

Plaintiffs argue that the Court should retain this proceeding on what the Plaintiffs assert

to be factors of economy, convenience, fairness, and comity. Basically, the Plaintiffs argue that

this matter is near trial in this Court, this Court is familiar with the issues and parties, and

Defendants are unfairly seeking remand to delay resolution of the proceeding. While the Court

is sympathetic to Plaintiffs' desire for expeditious litigation, the Court finds the Plaintiffs'

argument of little impact based on an analysis of the above-mentioned factors which, as set forth

below, are all either neutral or heavily in favor of remand.

The Court finds the following factors weigh heavily in favor of remand: (1) the effect or

lack thereof on the efficient administration of the estate; (2) extent to which state law issues

predominate over bankruptcy issues; (6) degree of relatedness or remoteness of the proceeding to

the main bankruptcy case; and (12) the presence in the proceeding of nondebtor parties.

The estate has settled with the Plaintiffs and has been dismissed from this adversary

proceeding. The outcome of this proceeding will not have an effect on the bankruptcy estate.

The Fifth Circuit has held that as a general rule, "the dismissal or closing of a bankruptcy case

should result in the dismissal of related proceedings." *In re Querner*, 7 F.3d 1199, 1201 (5th Cir.

1993) (citing *In re Carraher*, 971 F.2d 327 (9th Cir. 1992) (finding bankruptcy court abused its

---

[3] These factors have been considered in both motions for remand of removed actions under § 1452(b) and for abstention under § 1334(c). The following factors have also been considered in evaluating whether to remand a removed cause of action pursuant to § 1452: (1) *forum non conveniens*; (2) whether the civil action has been bifurcated during removal, which favors a trial of the entire action in state court; (3) whether the state court has greater ability to respond to questions of state law; (4) the particular court's expertise; (5) the inefficiencies of proceedings in two forums; (6) prejudice to the involuntarily removed party; (7) comity; and (8) possibility of an inconsistent result. *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984); *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 603 n.1 (S.D. Tex. 1999). The Court finds the majority of the specific factors dealing with the remand of removed cases are inapplicable or duplicative of the aforementioned factors.

discretion in retaining jurisdiction over probate proceedings following the death of the Debtor and closing of his bankruptcy case)).   Although Debtor's bankruptcy case is still active, the dismissal of the estate from this adversary proceeding has the same effect on considerations of remand as if the bankruptcy proceeding were dismissed.   All parties remaining are nondebtor parties.   All claims asserted in this proceeding are based on state law.   Clearly, these factors weigh in favor of remand.

The Court finds factors (9) the burden of the bankruptcy court's docket and (11) the existence of a right to a jury trial, weigh mildly in favor of remand.

Plaintiffs in this proceeding have demanded a jury trial and all parties have consented to such a trial in this Court.   The Court finds that while considerations of a jury trial do not necessarily favor remand, such considerations mitigate the weight of the Plaintiffs' argument that the Court's familiarity with the matter should support denying remand.   Most determinative matters will be presented to a jury.   In addition, the request for a jury trial has an effect on the burden of the Court's docket.   The Court notes that each bankruptcy Judge in Houston currently has a caseload of approximately 5,000 cases.   The Court has a full docket.   A substantial amount of time is necessary for conducting a jury trial.   Accordingly, the Court finds these factors weigh mildly in favor of remand.

The Court finds all other factors are either inapplicable or are neutral in the Court's considerations.    In short, none of the factors weigh in favor of the Court retaining this proceeding.   The Defendants' motion for remand will be granted.   A separate order will issue.

Signed at Houston, Texas, on September 21, 2007.

MARVIN ISGUR
United States Bankruptcy Judge